Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| RUBI AYALA MERCADO Parte Peticionaria v. JUAN ALBERTO LUNA ECHEVARRÍA, JANE DOE, LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, COMPAÑÍA PONCEÑA DE TRANSPROTE, INC. Y SUS RESPECTIVAS COMPAÑÍAS ASEGURADORAS X, Y, Z Parte Recurrida | KLCE202401078 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm.: PO2020CV01491 Sobre: Acoso Laboral (Ley 90) Procedimiento Sumario de Reclamaciones Laborales, Ley 2 de 17 de octubre de 1961, seg. Enm. |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de octubre de 2024.

La señora Rubí Ayala Mercado (en adelante, Sra. Ayala Mercado) instó el presente recurso de *certiorari* el 4 de octubre de 2024. Solicita que revoquemos la *Resolución* emitida y notificada el 4 de septiembre de 2024, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Ponce.

El 11 de octubre de 2024, el recurrido, señor Juan Alberto Luna Echevarría, presentó un *Memorando en oposición a la expedición del auto de certiorari por falta de jurisdicción.*

Examinados los escritos, así como los documentos anejados a los mismos, y por los fundamentos que expresamos a continuación, desestimamos el recurso por falta de jurisdicción, al ser prematuro.

## I.

El tracto procesal que origina el presente recurso se resume a continuación.

El 1 de agosto de 2024, enmendada *nunc pro tunc* el 5 de agosto de 2024, el TPI notificó una *Sentencia* mediante la cual desestimó y archivó sin perjuicio el caso de epígrafe por no haberse consignado la fianza de no residente contemplada en la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R 69.5.

El 11 de agosto de 2024, la Compañía Ponceña de Transporte, Inc. (en adelante, Compañía Ponceña) presentó un *Memorando de costas, gastos y honorarios*. El 4 de septiembre de 2024, el TPI notificó la *Resolución* mediante la cual declaró con lugar dicho memorando de costas, gastos y honorarios de abogado, y ordenó a la Sra. Ayala Mercado a efectuar el pago correspondiente en el término de treinta (30) días.

En desacuerdo con la resolución dictada, el 19 de septiembre de 2024, la Sra. Ayala Mercado presentó una solicitud de reconsideración. A continuación, la Compañía Ponceña instó una *Moción en cumplimiento de orden y en solicitud de desestimación por falta de jurisdicción sobre Resolución de memorando de costas, gastos y honorarios*. Entonces, el 30 de septiembre de 2024, el TPI notificó una orden mediante la cual requirió a la Sra. Ayala Mercado responder a la solicitud de desestimación de la Compañía Ponceña.

En su lugar, la Sra. Ayala Mercado presentó el 4 de octubre de 2024, el recurso de *certiorari* que nos ocupa.[1] A la fecha de la presentación del recurso, la Sra. Ayala Mercado, aún no había cumplido con la orden del 30 de septiembre de 2024, ni el foro recurrido se ha expresado en cuanto a la solicitud de reconsideración.

**II.**

**A.**

---

[1] En su recurso, la Sra. Ayala Mercado apuntó el siguiente señalamiento de error:
"Erró el Tribunal de Primera Instancia (TPI) de Ponce, al desestimar la demanda sin perjuicio e imponer costas y honorarios de abogado en violación al derecho vigente".

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional.[3]

Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[4]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[5] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B.**

Una parte afectada por cualquier orden o resolución dictada por el Tribunal de Primera Instancia puede presentar un recurso de *certiorari* ante este Tribunal de Apelaciones para revisar dicho dictamen. Ello, dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. El término es de cumplimiento estricto.[6]

---

[2] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).

[3] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).

[4] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).

[5] *Torres Alvarado v. Madera Atiles,* supra, pág. 501; *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 269; *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).

[6] Véase, Art. 4.006 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico* de 2003, 4 LPRA sec. 24y (b), Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, y Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D).

Ahora bien, el transcurso del término para presentar ante este Tribunal de Apelaciones una solicitud de *certiorari* se interrumpe y comienza a contarse de nuevo de conformidad con lo dispuesto en la Regla 47 de Procedimiento Civil[7].

En cuanto a la interrupción del término para acudir en revisión a este foro apelativo intermedio, la referida regla procesal indica que:

> [u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.[8]

### III.

Surge de los autos que, el 19 de septiembre de 2024, la Sra. Ayala Mercado presentó ante el TPI una oportuna[9] moción solicitando la reconsideración de la resolución aquí impugnada. Al momento de la presentación del recurso, dicha moción de reconsideración aún no ha sido resuelta por el foro recurrido.

La presentación de esa moción de reconsideración interrumpió el término para acudir mediante *certiorari* ante este Tribunal de Apelaciones. Por tanto, hasta tanto el TPI notifique la resolución que resuelva la moción de reconsideración, el término para solicitar la revisión del dictamen no ha comenzado a transcurrir. En suma, la presentación del recurso de epígrafe fue prematura y no tenemos jurisdicción para evaluarlo.

### IV.

Por los fundamentos expresados, desestimamos el presente recurso por falta de jurisdicción, al ser prematuro.

Notifíquese.

---

[7] 32 LPRA Ap. V, R. 47.

[8] *Íd.*

[9] Para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna. *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8 (2014).

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones